**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 20, 2021

Alan L. Zegas, Esq.
Law Offices of Alan L. Zegas
60 Morris Turnpike
Third Floor West
Summit, NJ 07901
*Counsel for Defendant Shonda Coleman*

Andrew Mark Trombly, Esq.
Charlie Leslie Divine, Esq.
United States Attorney's Office, District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

Kevin V. Gregory, Esq.
FHFA Office of Inspector General
400 7th Street, S.W.
Washington, DC 20219
*Counsel for United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    *United States v. Shonda Coleman*
            **Criminal Action No. 19-00796 (SDW)**

Counsel:

      Before this Court is Defendant Shonda Coleman's ("Defendant") Motion to Withdraw Guilty Plea pursuant to Federal Rule of Criminal Procedure 11(d). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**DISCUSSION**

A. Background

On November 5, 2019, Defendant was indicted on one count of conspiracy to commit bank fraud (Count 1) and four counts of bank fraud (Counts 2-5) in violation of 18 U.S.C. §§ 1349, 1344 and 2. (D.E. 1.) The Indictment charged Defendant and her co-defendant, Robert Goodrich, with participating in a residential mortgage fraud scheme created by Defendant's former spouse,[1] Maurice Bethea[2] ("Bethea") in order to wrongfully obtain funds belonging to Infinity Home Mortgage Company ("Infinity"). (*Id.*; PSR ¶¶ 1-8, 12, 15.) On February 20, 2020, Defendant signed a plea agreement and agreed to plead guilty to Counts 3 and 5 of the Indictment. (D.E. 30.)

On January 6, 2021, Defendant entered a plea of guilty to Counts 3 and 5 of the Indictment. (D.E. 47 at 14.) During her plea colloquy, Defendant admitted that in November 2009, she had purchased a residential property in Newark, NJ by submitting a mortgage loan application in which she falsely claimed that she had more than $165,000.00 in cash when, in fact, those funds belonged to Westinghouse Redevelopment Act, Inc. ("Westinghouse"). (*Id.* at 15-16.)

Defendant also admitted to preparing false mortgage applications on behalf of other purchasers, overinflating the buyers' finances to make them seem more creditworthy. (*Id.* at 16-18.) Defendant admitted she acted knowingly, willingly, and voluntarily, and provided a detailed factual allocution. (*Id.* at 14-19.) This Court then accepted Defendant's guilty plea and scheduled sentencing for May 11, 2021.[3] (*Id.* at 19.)

Four months after Defendant entered her plea, Defendant's counsel received a letter from the Government ("April 7th Letter") disclosing that on November 28, 2018, Bethea met with "agents and attorneys for the Government" and claimed:

1. that borrowers would not provide the information needed for a loan application to Defendant and that Defendant, as his girlfriend and "secretary," had nothing to do with the fraudulent mortgage applications, and

2. that Defendant received a $100,000 bonus that was deposited into her bank account, reported on her tax returns, and was used by Defendant to facilitate her own mortgage application.

---

[1] Defendant refers to Bethea as her ex-husband, while Bethea refers to Defendant as his girlfriend. (*Compare* PSR ¶ 12 *with* Gov't Opp. Br. Ex. B.) The distinction is irrelevant for purposes of this decision. Only the fact that the two were romantically involved affects this Court's analysis.

[2] On February 4, 2021, Bethea pled guilty to a two-count information before this Court. (*See United States v. Bethea*, Crim. No. 21-112 (SDW) (D.E. 1, 4, 5); PSR ¶ 11.)

[3] Defendant has not objected to any facts contained in the PSR.

(Gov't's Opp. Br. Ex. B.)  Approximately three weeks after receiving this information, Defendant submitted her sentencing memorandum.  (Def. Sent'g. Mem. (Apr. 29, 2021).)  Eleven days later, on May 10, 2021, Defendant moved to withdraw her guilty plea.  (D.E. 44.)

### B.  Standard of Review

Federal Rule of Criminal Procedure 11 provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d).  "[T]he defendant is not entitled to withdraw that plea simply at his whim," *United States v. Jones,* 336 F.3d 245, 252 (3d Cir. 2003), and "has no absolute right to withdraw a guilty plea prior to sentencing."  *United States v. Crowley,* 529 F.2d 1066, 1071 (3d Cir. 1976) (internal citation omitted).  However, "withdrawal of a guilty plea before sentence is liberally allowed wherever for any reason the granting of that privilege seems fair and just."  *United States v. De Cavalcante,* 449 F.2d 139, 141 (3d Cir. 1971).  Nevertheless, a defendant "bears a 'substantial burden' of 'showing a fair and just reason for the withdrawal of his plea.'"  *United States v. Siddons,* 660 F.3d 699, 703 (3d Cir. 2011) (internal citation omitted).  When evaluating a motion to withdraw a guilty plea, a court must consider: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal."  *Jones,* 336 F.3d at 252.

### C.  Discussion

Here, Defendant has failed to meet her burden of showing a fair and just reason requiring the withdrawal of her plea.  First, Defendant does not assert her innocence, rather, she contends that she was "denied [the] opportunity to evaluate her plea with knowledge of the exculpatory" statements she alleges are contained in Bethea's disclosures to the Government.  (D.E. 44 at 3, 5.)  This is not the same as claiming innocence.  Even if this Court were to treat Defendant's position as an assertion of innocence, this Court is still required to evaluate the credibility of Defendant's assertion.  *See, e.g.*, *Gov't of the Virgin Islands v. Berry*, 631 F.2d 214, 220 (3d Cir. 1980) (recognizing a trial court's obligation to determine the "good faith, credibility, and weight of a defendant's assertions"); *United States v. Wilson,* 429 F.3d 455, 458 (3d Cir. 2005) (recognizing that "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense").  Considering Defendant's own statements during the plea colloquy, which provided extensive details of her role in the fraudulent scheme and affirmed she "knowingly, willingly, and voluntarily" participated in the scheme, this Court finds any allegation of innocence incredible.

Second, Defendant's reasons for withdrawing her plea do not support such an action.  Defendant's sole basis for withdrawal is that the Government violated its *Brady* obligations by failing to timely provide her with Bethea's statements.  (D.E. 1 at 3.)  In order "[t]o establish a due process violation under *Brady* . . . a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material to either guilt or punishment."  *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005) (internal quotation omitted).

Assuming for the sake of argument that Defendant could satisfy the first two elements, she has not shown that "'but for the failure to disclose the *Brady* material, [she] would have refused to plead guilty and would have gone to trial.'" *Shapiro v. United States*, Civ. No. 14-1316, 2017 WL 896987, at *5 (D.N.J. Mar. 6, 2017) (quoting *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995)). There is nothing to suggest that Bethea's statements were true, particularly given his status as Defendant's former romantic partner. Indeed, Defendant's own statements during her plea allocution directly contradict Bethea's statements. As noted previously, Defendant admitted to knowingly, willingly, and voluntarily participating in the mortgage fraud scheme. (*See* D.E. 47 at 14-18.) She admitted to using funds from Westinghouse to effectuate her mortgage application, which refutes Bethea's statement that she had received a bonus that permitted her to make the purchase. (*See id.* at 16.) In addition, the evidence presented to Defendant by the Government in its reverse proffer clearly shows Defendant's knowledge of an involvement in the scheme. (*See* Gov't Opp. Br. Ex. A.) As such, Defendant's motion appears to be little more than a last-ditch attempt to undo a plea that she now regrets. *See United States v. Walden,* 625 F.3d 961, 965 (6th Cir. 2010) (noting that a defendant's belief that she "made a bad choice in pleading guilty" is not a basis to permit withdrawal of a plea). This alone is not enough[4].

Because Defendant has failed to satisfy her burden as to the first two elements, this Court need not address whether the Government would be prejudiced if the plea were to be withdrawn. *United States v. Saft*, 558 F.2d 1073, 1083 (2d Cir. 1977) (stating that "[t]he Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a plea").[5]

---

[4] Because this Court is satisfied that there is no *Brady* violation, it need not reach the thornier question of whether Defendant, having entered a pretrial guilty plea, was even entitled to *Brady* material. There is a Circuit split as to this issue and the Third Circuit has yet to resolve the question. *See United States v. Brown*, 250 F.3d 811, 816 n. 1 (3d Cir. 2001) (noting circuit split and assuming "for the sake of argument, [without so holding], that *Brady* may require the government to turn over exculpatory information prior to entry of a guilty plea"); *and compare United States v. Avellino*, 136 F.3d 249, 255 (2nd Cir. 1998) (*Brady* applies to cases involving a guilty plea); *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995) (same); *with Matthew v. Johnson*, 201 F.3d 353, 360–62 (5th Cir. 2000) (explaining that the purpose of the *Brady* rule was to ensure fair consideration of guilt by a jury or judge in a bench trial, and that a guilty plea likely waives any *Brady* violation as to the guilt phase); *see also United States v. Ruiz*, 536 U.S. 622, 633–34 (2002) (Thomas, J., concurring) (suggesting that the "principle supporting *Brady* was avoidance of an unfair trial [for] the accused [which is] not implicated at the plea stage").

[5] If the Court were to reach this element, it is not clear that the Government would be prejudiced by the withdrawal, as it claims only that (1) it has wound down its investigations of this and related matters because Defendant was expected to plead guilty, and (2) that Defendant waited more than a month after receiving the April 7th Letter to file her motion. (Gov't's Opp. Br. at 25.) While certainly inconvenient, the timing of Defendant's motion is not necessarily prejudicial.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Withdraw Plea is **DENIED**. An appropriate order follows.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties